**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JENNIFER LYNN COMBS,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | **6:26-cv-00235-JCB-JDL** |
| **CHARLES W. GREGORY, et al.,** | § | |
| Defendants. | § | |

**PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jennifer Lynn Combs files these objections to the Report and Recommendation of the United States Magistrate Judge (Doc. No. 23) (the "Report") under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2).

## I. SUMMARY

Plaintiff does not object to the recommendation that she be granted leave to amend, or to the recommended dismissal of her § 1985(3) claim and of the counts styled "Declaratory Relief" and "Injunctive Relief." She will cure the factual gaps the Report identifies in an amended complaint. Plaintiff objects to four legal conclusions that will govern that pleading: (1) the Report measures the warrant affidavit against a recklessness standard that Texas Penal Code § 42.06 does not contain; (2) its reading of the *Nieves* exception imposes the comparator requirement

the Supreme Court rejected in *Gonzalez v. Trevino*; (3) it treats a police department's public threat of felony prosecution for speech as protected government speech; and (4) it holds that an informal official threat of prosecution can never operate as a prior restraint. Plaintiff also preserves her objection to qualified immunity. The Court reviews these portions de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. OBJECTIONS

### A. Objection One: The Report applies the wrong mens rea under § 42.06 (Report at 7-8).

The Report holds that the affidavit supplied indicia of probable cause that Plaintiff "knowingly or recklessly initiated a false report about the City's water quality." Report at 8. Section 42.06 contains no recklessness element. It reaches only a person who "knowingly initiates, communicates or circulates a report . . . that he *knows is false or baseless*." Tex. Penal Code § 42.06(a) (emphasis added). Knowledge of falsity is what separates a crime from a mistaken, exaggerated, or disputed public warning. A journalist who passes along community reports in good faith, even carelessly, commits no offense.

The error matters. Whether an affidavit is so lacking in indicia of probable cause that reliance on it is unreasonable turns on whether a reasonably well-trained officer would have known the affidavit failed to establish probable cause for the charged offense. *Malley v. Briggs*, 475 U.S. 335, 345 (1986); *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012). The facts the Report credits (Plaintiff's identity,

the content and time of her post, a utility director's contrary statement, and calls from worried residents) bear on whether the post was inaccurate and whether it caused concern. Report at 8. None says anything about what Plaintiff *knew*. A city official's disagreement with a journalist shows a dispute about the facts, not the journalist's knowledge of falsity. That is especially true where, as alleged, the City itself issued a boil water notice. Report at 2, 7. An affidavit silent on the one element that makes speech criminal under § 42.06 is the kind a reasonably well-trained officer should know will not do.

The same error affects the *Franks* analysis. The materiality of the omitted boil water notice and hospitalization reports, which the Report reserved, Report at 7, must be measured against the correct element. Evidence that the water was in fact unsafe goes directly to whether Plaintiff knew her warning was "false or baseless." Plaintiff will plead the timing of those events. She asks the Court to decline to adopt the probable cause analysis to the extent it rests on a recklessness standard.

**B. Objection Two: The Report's application of *Nieves* conflicts with *Gonzalez v. Trevino* (Report at 9-10).**

The Report holds that Plaintiff "would need to plead, at a minimum, that similarly situated individuals in Trinidad, Texas initiated false emergency reports but were not arrested under § 42.06." Report at 10. That is the comparator requirement the Supreme Court rejected. The Fifth Circuit in *Gonzalez* had required evidence of identifiable people who engaged in the same conduct without being

arrested. The Supreme Court reversed: "The only express limit we placed on the sort of evidence a plaintiff may present for that purpose is that it must be objective." *Gonzalez v. Trevino*, 602 U.S. 653, 658 (2024) (per curiam). Evidence that no one has ever been arrested for certain conduct qualifies because it "makes it more likely that an officer has declined to arrest someone for engaging in such conduct in the past." *Id.* The Report treats Ms. Gonzalez's decade of county data as the floor. *Gonzalez* treated it as one permissible example.

Plaintiff also objects to the holding that the warrant independently "defeats" her retaliation claim apart from *Nieves*. Report at 9-10. Ms. Gonzalez was arrested on a warrant issued by a magistrate, and the Supreme Court nonetheless held the *Nieves* exception available. *See Gonzalez*, 602 U.S. at 655-58. Where objective evidence shows selective enforcement, probable cause "does little to prove or disprove the causal connection between animus and injury." *Nieves v. Bartlett*, 587 U.S. 391, 407 (2019). A magistrate's probable cause finding is still a probable cause finding; it cannot serve as a second, independent bar. And although the *Nieves* threshold is objective, motive allegations remain central once it is met, because the claim then proceeds on ordinary but-for causation. *Id.* at 398-99, 407-08.

**C. Objection Three: Government speech does not shield a threat of prosecution aimed at private speech (Report at 11-12, 15).**

The Report holds that the Trinidad Police Department's Facebook post is government speech, and that Plaintiff defeated her own claim by calling it an

"official governmental declaration." Report at 11. Plaintiff does not dispute the City's right to say its water is safe. But the post did more. It announced that Plaintiff had been "arrested for stating that [the City's] water was causing people to be hospitalized," declared her statement "false," and warned that such reports could bring "a state jail felony." Report at 2. That is the government invoking the criminal law to deter citizens from repeating a disfavored account of a public health matter.

The Supreme Court already drew this exact line. A government official "can share her views freely and criticize particular beliefs," but she "cannot . . . use the power of the State to punish or suppress disfavored expression." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 188 (2024); *see Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 68 (1963) ("People do not lightly disregard public officers' thinly veiled threats to institute criminal proceedings against them if they do not come around."). *Summum*, *Shurtleff*, and *Little* asked whether the government was expressing its own message through a monument, a flag, or a library collection. None holds that a threat to prosecute private speakers becomes immune because it was delivered through an official channel. Plaintiff's description of the post as an official declaration establishes that the threat was state action

attributable to Defendant Gregory and the City. It concedes nothing more.

**D. Objection Four: An informal official threat of prosecution can operate as a prior restraint (Report at 12-13, 23).**

The Report concludes that the post "cannot be a prior restraint as a matter of law" because it "was not an order with any binding legal effect." Report at 13. *Bantam Books* holds otherwise. There, a state commission sent notices with no legal force, advising distributors that certain publications were objectionable and reminding them of its duty to recommend prosecution. The Supreme Court held that this system of informal censorship carried the "heavy presumption" against prior restraints because it was designed to, and did, deter speech before it occurred. 372 U.S. at 70-72. The post here likewise looked forward, warning the public in advance that repeating reports of unsafe water could bring felony prosecution. Plaintiff accepts that her arrest, as a subsequent punishment, is not itself a prior restraint, and that Defendant Beckham's involvement in the post is not alleged. She objects to the broader holding, and to the related Rule 11 admonition, Report at 23, to the extent they would bar a *Bantam Books* or *Vullo* claim against Defendant Gregory and the City.

**E. Objection Five: The derivative rulings fall with the underlying ones**

**(Report at 14-17, 19-20).**

The rulings on Defendant Gregory, the § 1983 conspiracy claim, and municipal liability rest on the conclusion that no underlying violation was stated. Report at 15-17, 20. To the extent the Court sustains any objection above, Plaintiff objects to those rulings for the same reasons.

**F. Objection Six: Preservation of objection to qualified immunity.**

Plaintiff acknowledges that this Court is bound by precedent recognizing qualified immunity and objects to its application to preserve the issue for further review. As enacted in 1871, § 1983 provided that state actors "shall, any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding, be liable to the party injured." Act of Apr. 20, 1871, ch. 22, § 1, 17 Stat. 13. That clause, dropped without explanation in the 1874 codification, displaced the common-law immunities on which *Pierson v. Ray*, 386 U.S. 547 (1967), relied. *See Rogers v. Jarrett*, 63 F.4th 971 (5th Cir. 2023) (Willett, J., concurring); Alexander A. Reinert, *Qualified Immunity's Flawed Foundation*, 111 Cal. L. Rev. 201 (2023). This argument is preserved for SCOTUS review.

## III. CONCLUSION

Plaintiff asks the Court to decline to adopt the Report's conclusions that (a) § 42.06 is satisfied by recklessness; (b) the *Nieves* exception requires identified

comparators and is independently defeated by a warrant; (c) the Facebook post is protected government speech; and (d) an informal official threat cannot be a prior restraint as a matter of law. In the alternative if the Court agrees with the R&R, Plaintiff asks the Court to adopt the recommendation that any dismissal be without prejudice and that she be granted leave to amend, with her First Amended Complaint due thirty days after the Court's order.

Respectfully submitted,

*/s/ CJ Grisham*
CJ Grisham
State Bar No. 24124533
cj@gfalaw.us

Ryan Franceschina
State Bar No. 24151119
ryan@gfalaw.us

GFA Law, PLLC
3809 S. General Bruce Dr., Suite 103-101
Temple, Texas 76502
Telephone: 254-405-1726

**ATTORNEYS FOR PLAINTIFF**
**JENNIFER LYNN COMBS**

## CERTIFICATE OF SERVICE

I certify that on October 14, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

***/s/ CJ Grisham***
CJ Grisham